# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

ANITA MARIE IDLER,

           Petitioner,              :      Case No. 3:19-cv-338

  - vs -                          District Judge Walter H. Rice
                                     Magistrate Judge Michael R. Merz

SHELBIE SMITH, Warden,
   Dayton Correctional Institution,

                                  :
           Respondent.

## REPORT AND RECOMMENDATIONS

Petitioner Anita Idler brought this habeas corpus action under 28 U.S.C. § 2254 with the assistance of counsel to obtain relief from her conviction in the Court of Common Pleas of Brown County, Ohio, for conveying a drug of abuse into a detention facility[1] (Petition, ECF No. 1.)[2] On the Court's Order (ECF No. 2), Respondent has filed the State Court Record (ECF No. 6) and a Return of Writ (ECF No. 7). Petitioner's Reply (ECF No. 8) renders the case ripe for decision.

**Litigation History**

On January 11, 2018, Idler was indicted for theft of a firearm and receiving stolen property (Indictment, State Court Record, ECF No. 6, Ex. 1). Then in May 2018 she was separately indicted

---

[1] Petitioner was convicted on four counts; only the conveying charge is at issue here.
[2] Under S. D. Ohio Civ. R. 82.1(f), this case should have been filed at the Cincinnati location of court because Brown County is one of the Ohio counties served by that location of court. However, the rule is not jurisdictional and Respondent has not objected.

1

for aggravated possession of drugs and conveyance of drugs into a confinement facility. *Id.* at Ex. 2. She was found guilty at a bench trial on all counts and sentenced to thirty months on the theft charges and a consecutive thirty months on the drug charges. The convictions were affirmed on appeal. *State v. Idler*, 2019-Ohio-2159 (Ohio App. 12th Dist. Jun. 3, 2019), appellate jurisdiction declined, 156 Ohio St. 3d 1500 (2019).

After the Supreme Court of Ohio declined review, Idler filed her habeas corpus Petition here, pleading one ground for relief:

> **Ground One:** Anita Idler's conviction for illegal conveyance is based on insufficient evidence.
>
> **Supporting Facts:** Ohio's illegal conveyance statute requires the State to establish that the defendant purposely conveyed drugs into a detention facility. Here, the State merely established possession of a small baggie bearing methamphetamine residue under her clothing when MS. Idler was booked into jail, not a purpose to convey drugs into the facility.

(Petition, ECF No. 1, PageID 5). Thus although Idler was convicted on four counts, she challenges only the illegal conveyance conviction.

## Analysis

Respondent defends this case on the merits, asserting that the Twelfth District's decision that sufficient evidence supports Idler's conviction for illegal conveyance of drugs into a confinement facility is entitled to deference under 28 U.S.C. § 2254(d)(1).

Idler raised her insufficiency of the evidence claim as Assignment of Error 1 on appeal. The Twelfth District decided that assignment as follows:

2

[*P11] Although she couches her argument in terms of due process, Idler argues in her assignments of error that her convictions were not supported by sufficient evidence.

[*P12] When reviewing the sufficiency of the evidence underlying a criminal conviction, an appellate court examines the evidence in order to determine whether such evidence, if believed, would support a conviction. *State v. Krieger*, 12th Dist. Warren No. CA2017-12-167, 2018-Ohio-4483. The relevant inquiry is "whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Watson,* 12th Dist. Warren No. CA2014-08-110, 2015-Ohio-2321, ¶ 22.

[*P13] Idler was convicted of illegal conveyance of drugs into a detention facility in violation of R.C. 2921.36(A)(2), which prohibits the knowing conveyance of drugs into a detention facility. A person acts knowingly "regardless of purpose, when the person is aware that the person's conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when the person is aware that such circumstances probably exist." R.C. 2901.22(B).

∗ ∗ ∗[3]

[*P24] The state next presented testimony from a deputy who arrested Idler for the theft after she had been indicted. The deputy testified that when she tried to execute the arrest warrant, Idler fled through her home's back door and tried to jump over a fence. Once the deputy was able to capture Idler, she performed a search of Idler's person before placing her in the police cruiser. The deputy testified that she found a wrench and pennies on Idler's person.

[*P25] Once Idler was taken to the jail, the deputy observed a corrections officer search Idler's person during which nothing was found. However, the deputy was informed a short time later that a baggie fell out of Idler's bra when she was removing her clothing in order to shower and change into a jail uniform. The corrections officer told the deputy that Idler picked up the baggie and tried to throw it. The deputy further testified that the baggie was sent to a laboratory for testing and that the results showed the baggie contained trace amounts of methamphetamine.

---

[3] Idler raised insufficiency of the evidence assignments of error as to all her convictions. The Twelfth District's discussion of the theft charges is omitted.

> [*P26] The corrections officer who observed the baggie fall out of Idler's bra also testified. She explained that during the intake process, the inmates must shower and change into a jail uniform. While Idler was preparing for her shower, she undressed. The corrections officer testified that as Idler undressed, the baggie fell out from her bra and that Idler picked it up, crumpled it in her hand, and placed it in the shower window. The corrections officer testified that Idler handed her the baggie upon demand, and that Idler said there was nothing it in it other than methamphetamine residue.
>
> [*P27] Idler testified in her own defense, and claimed that she and a friend went to the victim's apartment on the day in question and that while she used the phone, her friend showed interest in the victim's gun. Idler testified that she observed her friend pick up the gun, but that she did not know her friend stole the gun until the following day. Idler further testified that she did not have the baggie on her person on the day she was taken to jail, that she had not done any drugs for approximately a month before her arrest, and that she did not know where the baggie came from.
>
> [*P30] Idler next claims she did not act knowingly regarding the drug-related charges. However, the record demonstrates otherwise. Idler had several opportunities to disclose her possession of the drugs during either search that occurred before she undressed for her shower. Idler's passing on these opportunities to end her possession of the drugs before entering the facility demonstrates that she knowingly conveyed the baggie of methamphetamine into the jail. Additionally, Idler's immediate instinct to attempt to throw the baggie away, creating distance between her and its contents, is circumstantial evidence supporting her knowledge of its incriminating nature.
>
> [*P31] After reviewing the record and considering all of Idler's arguments, we overrule her assignments of error because her convictions are supported by sufficient evidence.

*Idler, supra*.

An allegation that a verdict was entered upon insufficient evidence states a claim under the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *Jackson v. Virginia,* 443 U.S. 307 (1979); *In re Winship*, 397 U.S. 358 (1970); *Johnson v. Coyle*, 200 F.3d 987, 991 (6th Cir. 2000); *Bagby v. Sowders*, 894 F.2d 792, 794 (6th Cir. 1990)(en banc). In order

for a conviction to be constitutionally sound, every element of the crime must be proved beyond a reasonable doubt. *In re Winship*, 397 U.S. at 364.

> [T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt . . . . This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence and to draw reasonable inferences from basic facts to ultimate facts.

*Jackson v. Virginia*, 443 U.S. at 319; *United States v. Paige,* 470 F.3d 603, 608 (6th Cir. 2006); *United States v. Somerset*, 2007 U.S. Dist. LEXIS 76699 (S.D. Ohio 2007). This rule was recognized in Ohio law at *State v. Jenks*, 61 Ohio St. 3d 259 (1991). Of course, it is state law which determines the elements of offenses; but once the state has adopted the elements, it must then prove each of them beyond a reasonable doubt. *In re Winship, supra.*

In cases such as Petitioner's challenging the sufficiency of the evidence and filed after enactment of the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA"), two levels of deference to state decisions are required:

> In an appeal from a denial of habeas relief, in which a petitioner challenges the constitutional sufficiency of the evidence used to convict him, we are thus bound by two layers of deference to groups who might view facts differently than we would. First, as in all sufficiency-of-the-evidence challenges, we must determine whether, viewing the trial testimony and exhibits in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. See *Jackson*. In doing so, we do not reweigh the evidence, re-evaluate the credibility of witnesses, or substitute our judgment for that of the jury. See *United States v. Hilliard*, 11 F.3d 618, 620 (6th Cir. 1993). Thus, even though we might have not voted to convict a defendant had we participated in jury deliberations, we must uphold the jury verdict if any rational trier of fact could have found the defendant guilty after resolving all disputes in favor of the prosecution. Second, even were we to conclude that a rational trier of fact could not have found a petitioner guilty beyond a reasonable doubt, on habeas review, we must still defer to the state appellate

5

> court's sufficiency determination as long as it is not unreasonable.
> See 28 U.S.C. § 2254(d)(2).

Brown v. Konteh, 567 F.3d 191, 205 (6th Cir. 2009). In a sufficiency of the evidence habeas corpus case, deference should be given to the trier-of-fact's verdict under *Jackson v. Virginia* and then to the appellate court's consideration of that verdict, as commanded by AEDPA. *Tucker v. Palmer*, 541 F.3d 652 (6th Cir. 2008); accord *Davis v. Lafler*, 658 F.3d 525, 531 (6th Cir. 2011)(en banc); *Parker v. Matthews*, 567 U.S. 37, 43 (2012).

When a state court decides on the merits a federal constitutional claim later presented to a federal habeas court, the federal court must defer to the state court decision unless that decision is contrary to or an objectively unreasonable application of clearly established precedent of the United States Supreme Court. 28 U.S.C. § 2254(d)(1); *Harrington v. Richter*, 562 U.S. 86, 131 S. Ct. 770, 785 (2011); *Brown v. Payton,* 544 U.S. 133, 140 (2005); *Bell v. Cone*, 535 U.S. 685, 693-94 (2002); *Williams (Terry) v. Taylor,* 529 U.S. 362, 379 (2000). Deference is also due under 28 U.S.C. § 2254(d)(2) unless the state court decision was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

Here Petitioner raised her insufficiency of the evidence claim on direct appeal under both the Ohio and United States Constitutions and the Twelfth District decided both of those claims on the merits. Only the federal claim is carried forward in the Petition because this Court has authority only to consider claims under the federal Constitution. 28 U.S.C. § 2254(a); *Wilson v. Corcoran,* 562 U.S. 1 (2010)*; Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Smith v. Phillips*, 455 U.S. 209 (1982), *Barclay v. Florida,* 463 U.S. 939 (1983).

As Petitioner notes, the Twelfth District did not rely directly on *Jackson* for the standard of review, but rather on its own prior precedent *State v. Watson*, 2015-Ohio-2321 (Ohio App. 12th Dist. Jun. 15, 2015). However, Petitioner concedes Watson stands for stands for the same proposition

6

(Reply, ECF No. 8, PageID 272). There is no doubt, then, that the Twelfth District decided the federal claim on the merits and, because it applied the *Jackson* standard, its decision is not contrary to clearly established federal law.

Petitioner also does not contest the Twelfth District's factual findings. Indeed, she expressly concedes that

> The factual background provided by the Warden in her answer, which is derived from the appellate court's characterization of the facts of the case, is not incorrect. (Answer, ECF No. 7, PageID 254-55.) Further, additional facts set forth later in the Warden's answer, when reproducing the appellate court's rationale for ruling against Ms. Idler's insufficient-evidence claim, are also not incorrect. (Id., at PageID 262.)

(Reply, ECF No. 8, PageID 269.) Thus Idler does not challenge her conviction under 28 U/S/C/ § 2254(d)(2).

Rather, the question presented is whether the Twelfth District's decision is an unreasonable application of *Jackson* to the facts as found. The testimony established that the baggie in question fell from Idler's bra as she was preparing to shower upon entering the jail. Idler undoubtedly hurt her credibility with the state courts by claiming it was not hers and she did not know how it got into her bra, but absent any evidence to the contrary a court is certainly entitled to infer from the presence of something in a woman's bra that she put it there.

Because Idler dissimulated about putting the baggie in her bra, she failed to give truthful testimony about when she put it there. If it had been at some relatively remote time (e.g. if she had not changed clothing for several days), she might have credibly testified that she forgot it was there. Instead, she decided to deny -- incredibly -- that it was her baggie. Truthful testimony might have supported the argument she makes now:

> On the day that Ms. Idler was arrested and taken to the Brown County Jail, the deputy who executed the arrest warrant appeared at

7

> Ms. Idler's trailer home because the deputy was transporting a third party, a male named C.J. Wall, to Ms. Idler's trailer, at Mr. Wall's request. Thus, Ms. Idler had no foreknowledge that she was about to be taken to jail, in contrast to a possible scenario where she was turning herself in at the jail.

(Reply, ECF No. 8, PageID 269-70, citing State Court Record, ECF No. 6, Ex. 12, Appellant's Merit Brief, PageID 61; Transcript, ECF No. 6-1, PageID 188-90.)).

Brown County Sheriff's Deputy Sarah McKinzie was the arresting officer in this case. She testified that on February 10, 2018, she came upon a broken down vehicle whose driver asked her to take him to an address that Deputy McKinzie knew to be Sarah Idler's address (Trial Tr., State Court Record, ECF No. 6-1, PageID 189). Deputy McKinzie testified she had with her a warrant to arrest Idler on the first indictment. *Id.* at PageID 190. Once she and the person she was transporting entered Idler's home, Deputy McKinzie advised Idler she was under arrest and Idler attempt to escape. *Id.* at PageID 191. Probably because Idler had no shoes on, Deputy McKinzie quickly caught her and transported her to the Brown County Jail where the baggie was found as she was preparing to shower. As Petitioner notes these facts are in the trial court record and were called to attention of the Twelfth District which did not advert to them in its decision.

These uncontroverted facts are supportive of Idler's claim she did not knowingly convey drugs into the Brown County Jail because, as her Reply points out, she probably did not know she was going to be arrested the day she put the baggie into the bra. Nevertheless, the Twelfth District reasonably inferred that she knew the baggie was there when she undressed for the shower because she quickly, acting in a way habitual for drug users, tried to get rid of it when it fell out of the bra.

The problem with the State's case, as Idler argues in her Reply, "it would simply be illogical and pointless for anyone to attempt to convey into a jail an empty baggie that once contained methamphetamine." (ECF No. 8, PageID 272). The Twelfth District expressly found

8

that "the baggie contained trace amounts of methamphetamine." *Idler, supra*, at ¶ 25. This is what Idler truthfully told the corrections officer who took the baggie from her at the jail as compared with the incredible testimony she gave at trial. *Id.* at ¶ 26.

The statute under which Idler was convicted, Ohio Revised Code § 2921.36, provides "(A) No person shall knowingly convey, or attempt to convey, onto the grounds of a detention facility . . . (2) Any drug of abuse, as defined in section 3719.011 of the Revised Code; . . ." The Twelfth District did offer any express interpretation of this statute, but its purpose is evident: to prevent the introduction of illicit drugs, in quantities capable of being abused, into detention facilities.

It makes no sense to interpret this statute as imposing a third-degree felony level sentence on a person who, arrested unexpectedly, brings with her to jail an object containing a residue amount of a drug of abuse. Of course it is unquestionable that methamphetamine is a drug of abuse, one which carries such significant health risks that attempting to deter its possession with stiff penalties is reasonable public policy. But a "trace amount" sufficiently small that it requires "instrumental analysis"[4] to identify them are too small to be abused. At one point in time rolled up currency was so common a tool for the ingestion of powder cocaine that cocaine residue was detectable on virtually all United States currency. Surely the legislature did not intend by this statute to criminalize carrying currency into a jail, but that would be the logical result of such an interpretation.

A court should reject an interpretation of a statute which is "plainly at variance with the

---

[4] Deputy McKinzie quoting the contents of the laboratory report on the baggie, State's Ex. 16 (Tr. Tr., State Court Record, ECF No. 6-1, PageID 199). Idler's counsel made no objection to this hearsay statement which was prima facie excludable under *Melendez-Diaz v. Massachusetts*, 557 U.S. 305 (2009), holding lab reports are testimonial within meaning of *Crawford v. Washington,* 541 U.S. 36, 53-54 (2004).

policy of the legislation as a whole." *Lewis v. ACB Business Services, Inc.*, 135 F.3d 389, 399, (6th Cir. 1998)(Boggs, J.) quoting *United States v. American Truckings Ass'ns,* 310 U.S. 534, 543, 60 S. Ct. 1059, 1064, 84 L. Ed. 1345 (1940). "It is one of the surest indexes of a mature and developed jurisprudence not to make a fortress out of the dictionary; but to remember that statutes always have some purpose or object to accomplish, whose sympathetic and imaginative discovery is the surest guide to their meeting." *Cabell v. Markham*, 148 F.2d 737, 739 (2nd Cir. 1945)(L. Hand, J.)

The evidence presented at trial does not prove beyond a reasonable doubt that Idler knowingly transported into the Brown County Jail a quantity of methamphetamine which could have been used by her or anyone else to achieve the physiological effects sought by a person abusing methamphetamine.

**Conclusion**

Based on the foregoing analysis, it is respectfully recommended that the Court issue a writ of habeas corpus vacating Petitioner's conviction for conveying drugs into a detention facility. The writ should be absolute because subjecting Idler to a second trial on this charge would violate her rights under the Double Jeopardy Clause.

However, the writ should only address the conveying conviction. The record reflects that the trial court merged the possession and conveying charges, presumably under Ohio Revised Code § 2941.25 (Sentencing Entry, State Court Record, ECF No. 6, Ex. 8). Idler concedes that there was sufficient evidence presented to convict her on the possession charge (Reply, ECF No. 8, PageID 271). With the conveying conviction vacated, the case should be returned to the trial

judge to determine an appropriate sentence for the possession charge and also to determine under Ohio law whether that sentence should be served consecutively to the theft sentence.

April 13, 2020.

s/ *Michael R. Merz*<br>United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal.