IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ANITA IDLER,

    Petitioner,

v.

WARDEN, Dayton Correctional Institution,

    Respondent.

:
:
:
:
:

Case No. 3:19-cv-338

JUDGE WALTER H. RICE

---

DECISION AND ENTRY ADOPTING IN PART AND REJECTING IN PART UNITED STATES MAGISTRATE JUDGE'S INITIAL REPORT AND RECOMMENDATIONS AND SUPPLEMENTAL REPORT AND RECOMMENDATIONS (DOC. ##9,12); SUSTAINING IN PART AND OVERRULING IN PART RESPONDENT'S OBJECTIONS THERETO (DOCS. ##10, 13); OVERRULING PETITIONER'S OBJECTIONS TO SUPPLEMENTAL REPORT AND RECOMMENDATIONS (DOC. #14); DISMISSING WITH PREJUDICE PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS (DOC. #1); DENYING CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL *IN FORMA PAUPERIS*; JUDGMENT TO ENTER IN FAVOR OF RESPONDENT AND AGAINST PETITIONER; TERMINATION ENTRY

---

This matter is currently before the Court on the parties' Objections, Docs. ##10, 13, 14, to United States Magistrate Judge Michael R. Merz's Initial Report and Recommendations, Doc. #9, and Supplemental Report and Recommendations, Doc. #12, in which he recommended that the Court issue a writ of habeas corpus vacating Petitioner Anita Idler's conviction for conveying drugs into a detention facility, and return the case to the trial court for resentencing.

I. **Background and Procedural History**

Following a bench trial, Anita Idler was convicted on charges of theft of a firearm, receiving stolen property, aggravated possession of drugs and conveyance of drugs into a detention facility. The convictions were affirmed on appeal, *State v. Idler*, 2019-Ohio-2159 (Ohio App. 12th Dist. June 3, 2019), and the Supreme Court of Ohio declined review.

In her Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus, Idler challenges only the conviction for conveyance of drugs into a detention facility. Ohio Revised Code § 2921.36(A)(2) provides that "[n]o person shall knowingly convey, or attempt to convey, onto the grounds of a detention facility . . . [a]ny drug of abuse."

Idler asserts one ground for relief:

> **Ground One:** Anita Idler's conviction for illegal conveyance is based on insufficient evidence.
>
> **Supporting Facts:** Ohio's illegal conveyance statute requires the State to establish that the defendant purposely conveyed drugs into a detention facility. Here, the State merely established possession of a small baggie bearing methamphetamine residue under her clothing when Ms. Idler was booked into jail, not a purpose to convey drugs into the facility.

According to the Twelfth District opinion, when Idler was arrested on charges of theft of a firearm and receiving stolen property, officers conducted a pat-down search but found no contraband. Likewise, a second pat-down search conducted after she was transported to the county jail revealed no contraband.

2

One of the jail deputies testified, however, that when Idler was preparing to shower, a small plastic baggie fell out of Idler's bra onto the floor. Idler crumpled it up and tried to throw it away. When the deputy asked her about it, Idler admitted that it contained methamphetamine residue and claimed that she forgot that she had it in her bra. 2019-Ohio-2159, at ¶¶5, 25-26. At trial, however, Idler testified that she did not have the baggie on her person that day, that she had not done any drugs for several weeks, and she did not know where the baggie came from. *Id.* at ¶ 27. The court did not find Idler's testimony to be credible.

On appeal, Idler argued that there was insufficient evidence to support her conviction for illegal conveyance of a drug of abuse into a detention facility. The Twelfth District rejected this claim, holding as follows:

> Idler next claims she did not act knowingly regarding the drug-related charges. However, the record demonstrates otherwise. Idler had several opportunities to disclose her possession of drugs during either search that occurred before she undressed for her shower. Idler's passing on these opportunities to end her possession of the drugs before entering the facility demonstrates that she knowingly conveyed the baggie of methamphetamine into the jail. Additionally, Idler's immediate instinct to throw the baggie away, creating distance between her and its contents, is circumstantial evidence supporting her knowledge of its incriminating nature.

*Id.* at ¶ 30.

On April 13, 2020, Magistrate Judge Merz issued a Report and Recommendations on Idler's Petition, Doc. #9. He noted that, under *Jackson v. Virginia*, 443 U.S. 307, 319 (1979), when a petitioner mounts a challenge to the sufficiency of the evidence, "the relevant question is whether, after viewing the

3

evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Moreover, a federal habeas court adjudicating a claim of insufficient evidence must defer not only to the verdict of the jury, but also to the state appellate court as long as the sufficiency determination is "not unreasonable." *Brown v. Konteh*, 567 F.3d 191, 205 (6th Cir. 2009) (citing 28 U.S.C. § 2254(d)(2)).[1]

Magistrate Judge Merz admitted that there was some support for Idler's claim that she did not knowingly convey drugs into the county jail, given that "she probably did not know that she was going to be arrested the day she put the baggie into the bra." Doc. #9, PageID#283. "Nevertheless, the Twelfth District reasonably inferred that she knew the baggie was there when she undressed for the shower because she quickly, acting in a way habitual for drug users, tried to get rid of it when it fell out of the bra." *Id.*

Even though Magistrate Judge Merz found that the state appellate court reasonably inferred that Idler knowingly conveyed the baggie onto the grounds of a detention facility, thereby satisfying the *mens rea* element, he nevertheless concluded that her conviction should be vacated on other grounds. He explained

---

[1] 28 U.S.C. § 2254(d) provides that an application for a writ of habeas corpus shall not be granted with respect to any claim adjudicated on the merits in state court unless that adjudication "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."

4

that the purpose of Ohio Revised Code § 2921.36 is "to prevent the introduction of illicit drugs, in quantities capable of being abused, into detention facilities." Doc. #9, PageID#284. "It makes no sense to interpret this statute as imposing a third-degree felony level sentence on a person who, arrested unexpectedly, brings with her to jail an object containing residue amount of a drug of abuse." *Id.* On this basis, he recommended that the Court vacate Idler's conviction on this one count and return the case to the trial court for resentencing. *Id.* at PageID##285-86.

Respondent filed timely Objections to the Report and Recommendations, Doc. #10. More specifically, Respondent objected to Magistrate Judge Merz's conclusions: (1) that the record failed to support a finding that Idler acted knowingly; and (2) that the statute should be interpreted to exclude trace amounts of drugs. As to the second Objection, Respondent further argued that Idler had waived any argument that the statute did not apply to trace amounts of drugs, given that she did not fairly present this issue to the state courts.

After the Court recommitted the matter to Magistrate Judge Merz, Doc. #11, he issued a Supplemental Report and Recommendations, Doc. #12. He found that the Warden's first Objection should be overruled as moot, given that the Report and Recommendations had, in fact, concluded that the Twelfth District reasonably inferred that Idler acted knowingly. With respect to the second Objection, Magistrate Judge Merz again found that the statute must be interpreted as inapplicable to situations involving a trace amount of an illicit drug. He further

5

found that Idler's state court argument that her conviction was not supported by sufficient evidence was broad enough to preserve this statutory interpretation issue.

Both parties filed Objections to the Supplemental Report and Recommendations. Respondent again argued that Idler had procedurally defaulted any claim that a trace amount of drugs was insufficient to trigger criminal liability under Ohio Revised Code § 2921.36, having failed to fairly present this issue in state court. Doc. #13. Petitioner objected to the Magistrate Judge's conclusion that the state appellate court did not unreasonably conclude that she knowingly conveyed the baggie containing a trace amount of methamphetamine into the jail. Doc. #14.

## II. Standard of Review

The Court must make a *de novo* review of those portions of the Reports and Recommendations to which proper Objections have been filed. Fed. R. Civ. P. 72(b)(3).

## III. Analysis

The Sixth Circuit has noted that the double deference required in cases challenging sufficiency of the evidence presents "a nearly insurmountable hurdle" for a habeas petitioner. *Davis v. Lafler*, 658 F.3d 525, 534 (6th Cir. 2011) (quoting *United States v. Oros*, 578 F.3d 703, 710 (7th Cir. 2009)).

6

As explained below, the Court agrees with Magistrate Judge Merz that the state court reasonably inferred that Idler knowingly brought the baggie containing methamphetamine residue into the jail facility.  The Court does not necessarily disagree with Magistrate Judge Merz that the state legislature probably did not intend Ohio Revised Code § 2921.26(A)(2) to apply in this situation.  Nevertheless, because Idler never fully and fairly presented this argument to the state courts, and because she did not assert it in her habeas petition, the Court finds that it would be improper to vacate her conviction on this count.

### A. Knowing Conveyance

Magistrate Judge Merz concluded that the state court reasonably inferred that Idler knowingly brought the baggie containing methamphetamine residue into the jail facility.  To the extent that Respondent misinterpreted the original Report and Recommendations as holding otherwise, that Objection, Doc. #10, is OVERRULED AS MOOT.

The Court finds that Idler waived any Objection to Magistrate Judge Merz's conclusion on this element of the crime, given that she filed no Objection to the original Report and Recommendations.  However, assuming *arguendo* there was no waiver, the Court also OVERRULES Idler's Objection on the merits.  Doc. #14.  Idler argues that because she was not aware that she had the baggie in her bra until she started to undress in the shower, it cannot be said that she knowingly conveyed it into the jail.

The Court agrees with Magistrate Judge Merz that the Twelfth District's decision was not an objectively unreasonable application of *Jackson.* The state court reasonably concluded that there was sufficient evidence to support a finding that Idler knowingly conveyed the baggie containing drug residue into the jail facility. *See* 2019-Ohio-2159, at ¶ 30 (explaining basis for decision). The Court ADOPTS those portions of the Report and Recommendations and Supplemental Report and Recommendations concerning the *mens rea* element of the crime.

**B.    Drug Quantity**

On its face, Ohio Revised Code § 2921.36(A)(2) requires no minimum drug quantity to trigger criminal liability, and there appears to be no case law interpreting this statute to require any minimum quantity. Nevertheless, Magistrate Judge Merz found that the state court unreasonably interpreted this statute to impose criminal liability on Idler, who conveyed only a trace amount of methamphetamine into the jail. He concluded that the evidence presented at trial was insufficient to prove beyond a reasonable doubt that Idler knowingly transported into the jail "a quantity of methamphetamine which could have been used by her or anyone else to achieve the physiological effects sought by a person abusing methamphetamine." Doc. #9, PageID#285. It was on this basis that he recommended vacating Idler's conviction.

The undersigned does not necessarily disagree with Magistrate Judge Merz that it is unlikely that the state legislature intended to impose third-degree felony

8

liability on an individual who brings only a trace amount of an illicit drug into a jail. The problem, however, is that Idler has never made this argument.

In state court, Idler argued only that, because she lacked the requisite *mens rea* to commit the crime, *i.e.,* that she did not knowingly convey illegal drugs into the jail, there was insufficient evidence to support her conviction. She never advanced the theory that, because she conveyed only a trace amount of methamphetamine into the jail, there was insufficient evidence to support her conviction. Nor did she advance this theory in her habeas petition. *See* Doc. #1, PageID#5.

The issue of drug quantity was first raised by Magistrate Judge Merz in his Report and Recommendations, Doc. #9, PageID##283-84. In his Supplemental Report and Recommendations, Magistrate Judge Merz found that Idler's general claim—that her conviction was not supported by sufficient evidence—was "broad enough to preserve the statutory interpretation issue." Doc. #12, PageID#307.

In support, Magistrate Judge Merz cites to *Harrington v. Richter*, 562 U.S. 86, 98 (2011). *Harrington*, however, dealt with the question of "whether § 2254(d) applies when a state court's order is unaccompanied by an opinion explaining the reasons relief has been denied." *Id.* Therein, the court stated as follows:

> Where a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief. This is so whether or not the state court reveals which of the elements in a

9

> multipart claim it found insufficient, for § 2254(d) applies when a "claim," not a component of one, has been adjudicated.

*Id.*

In contrast to *Harrington*, the Twelfth District did explain why it was affirming the district court's judgment on Idler's insufficiency-of-the-evidence claim. The court expressly rejected the only argument made by Idler—that she did not act knowingly. Moreover, *Harrington* does not stand for the proposition that a district court may *sua sponte* grant habeas relief on a ground not fully and fairly presented in state court.

"The federal courts do not have jurisdiction to consider a claim in a *habeas* petition that was not 'fairly presented' to the state courts. . . A claim may only be considered 'fairly presented' if the petitioner asserted both the factual and legal basis for his claim to the state courts." *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000) (citing *Franklin v. Rose*, 811 F.2d 322, 324-25 (6th Cir. 1987)). Moreover, "the doctrine of exhaustion requires that a claim be presented to the state courts under the same theory in which it is later presented in federal court." *Williams v. Bagley*, 380 F.3d 932, 969 (6th Cir. 2004) (quoting *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1988)).

In the context of an insufficiency-of-the-evidence claim, specificity of theory is important. In *Johnson v. Alabama*, 256 F.3d 1156 (11th Cir. 2001), the court held:

> Insufficiency of the evidence is simply too broad and malleable an objection to hold . . . that a direct appeal in state court challenging

10

> the sufficiency of the evidence on one theory is enough to preserve for federal habeas review a challenge to the adequacy of proof on a factually and legally distinct theory never fairly presented to the state courts.

*Id.* at 1170.

Based on the foregoing, had Idler attempted to argue, in her habeas petition, that there was insufficient evidence to support her conviction because the statute does not apply when only a trace amount of drugs is conveyed into a detention facility, this ground for relief almost certainly would have been dismissed as procedurally defaulted because it was never fully and fairly presented to the state courts. *See, e.g., Gray v. Netherland*, 518 U.S. 152, 165 (1996) ("If petitioner never presented this claim on direct appeal or in state habeas proceedings, federal habeas review of the claim would be barred unless petitioner could demonstrate cause and prejudice for his failure to raise the claim in state proceedings.").

If Idler was prohibited from advancing this new theory in her habeas petition, it follows that this Court cannot *sua sponte* grant her habeas petition on such a theory. On this basis, the Court SUSTAINS Respondent's Objections to this portion of the Initial Report and Recommendations and Supplemental Report and Recommendations. Docs. ##10, 13. To the extent that Magistrate Judge Merz recommends vacating Idler's conviction on this basis, the Court REJECTS this portion of the Initial Report and Recommendations, Doc. #9, and Supplemental Report and Recommendations, Doc. #12.

11

The Court finds that the state court's decision, rejecting Idler's sole claim that there was insufficient evidence to support a finding that she knowingly conveyed illicit drugs into the jail, was not an unreasonable application of *Jackson v. Virginia*. Accordingly, the Court DISMISSES WITH PREJUDICE the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus, Doc. #1.

Given that Petitioner has not made a substantial showing of the denial of a constitutional right and, further, that the Court's decision herein would not be debatable among reasonable jurists, and because any appeal from this Court's decision would be *objectively* frivolous, Petitioner is denied a certificate of appealability, and is denied leave to appeal *in forma pauperis*.[2]

## IV. Conclusion

For the reasons set forth above, the Court ADOPTS IN PART and REJECTS IN PART the Magistrate Judge's Initial Report and Recommendations, Doc. #9, and Supplemental Report and Recommendations, Doc. #12. The Court OVERRULES IN PART and SUSTAINS IN PART Respondent's Objections to the Initial Report and Recommendations, Doc. #10, SUSTAINS Respondent's Objections to the

---

[2] The Court does not believe that a certificate of appealability is warranted as to the question of whether Idler "knowingly" conveyed illicit drugs into a detention facility. As to the issue of statutory interpretation, although the Court does not disagree with Magistrate Judge Merz's suggestion that the Ohio statute is not intended to apply to trace amounts of illicit drugs, the Court does not believe that it can grant a certificate of appealability on an issue not raised in state court and not properly presented in the Petition for Writ of Habeas Corpus.

Supplemental Report and Recommendations, Doc. #13, and OVERRULES Petitioner's Objections to the Supplemental Report and Recommendations, Doc. #14.

The Court DISMISSES WITH PREJUDICE the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus, Doc. #1. Judgment shall be entered in favor of Respondent and against Petitioner. Petitioner is denied a certificate of appealability and leave to appeal *in forma pauperis.*

The captioned case is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

Date: September 2, 2020

WALTER H. RICE
UNITED STATES DISTRICT JUDGE